UNITED STATES of America,
Plaintiff—Appellee,

v.

James W. ROBY, Defendant—
Appellant.

No. 00–30345.
D.C. No. CR–00–05021–RJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2001.

Decided Nov. 6, 2001.

Before KLEINFELD and GOULD,
Circuit Judges, and ROLL,* District
Judge.

## MEMORANDUM **

We hold that the search warrant used in this case was supported by probable cause under the Fourth Amendment. While the screen name "pssygtr" (like most names) is not necessarily unique, the use of the same screen name in two similar contexts was enough for the magistrate to conclude that it was probably the same person who used it in both instances. Because one of the uses involved downloading child pornography, it was not clearly erroneous[1] for the magistrate to find that a fair probability[2] existed that child pornography would be found on the premises.

---

* The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The issuance of a search warrant is reviewed for clear error. *United States v. Fulbright*, 105 F.3d 443, 453 (9th Cir.1997).

2. The magistrate need not be certain that the items will be found on the premises; "a fair probability" is sufficient to establish probable

 The inclusion of the pedophile profile, while unnecessary and irrelevant, does not undermine the warrant because, unlike in *United States v. Weber*,[3] the magistrate could have issued the warrant in its absence.

 Likewise, the eight and one half month gap between when "pssygtr" downloaded child pornography and when the warrant was executed did not render the information relied on by the warrant stale. "The mere lapse of substantial amounts of time is not controlling in a question of staleness."[4] A search warrant is "not stale if there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises."[5] Because computer files are often saved on the user's hard drive for periods as long as eight or nine months, as was supported by the affidavit, there was a substantial basis for the magistrate's finding of probable cause.

Because the warrant was supported by probable cause, we need not reach the good faith exception under *United States v. Leon*.[6]

AFFIRMED.

cause. *United States v. Wiegand*, 812 F.2d 1239, 1242 (9th Cir.1987).

3. 923 F.2d 1338 (9th Cir.1990).

4. *United States v. Lacy*, 119 F.3d 742, 745 (9th Cir.1997) (citations omitted).

5. *Id.* at 746 (citations omitted).

6. 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

